IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RENE BABILONIA,**
    **Plaintiff,**

vs.	Case No.  3:05cv222/LAC/MD

**DONALD F. BAUKNECHT,**
    **Defendant.**

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Plaintiff commenced this action on June 20, 2005 by filing a petition for writ of habeas corpus under 28 U.S.C. 2241.  (Doc. 1).  Plaintiff did not submit a filing fee or an application to proceed *in forma pauperis*.

In an order dated June 23, 2005 the court determined that, although filed on the form for use in § 2241 cases, plaintiff's claim was not actionable under the habeas corpus statute, as it did not attack the validity of his conviction or the duration of his sentence.  Rather, it was in the nature of a civil rights action under 28 U.S.C. § 1331 and *Bivens  v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1]  Accordingly, plaintiff was ordered to file an amended complaint on the form for use in § 1331 cases, and to also submit either a complete application to proceed *in forma pauperis* or the

---

[1] Plaintiff is a federal inmate currently incarcerated at the Federal Prison Camp located on Eglin Air Force Base ("FPC-Eglin"). On the petition form, plaintiff stated that this cause of action concerned "violation of the 8th Amendment."  (Doc. 1, p. 2). He claimed that Warden Bauknecht was deliberately indifferent to inmates' health by allowing staff to smoke and to introduce contraband into FPC-Eglin. As relief, plaintiff sought the following: "Everyone to be able to smoke or everyone be direct[ed] to quit, in order not to inhale second hand smoke because second hand smoke i[s] more harmful then [sic] smoking alone."  (*Id.*, p. 6).

$250.00 filing fee.  (Doc. 3).  Plaintiff was given thirty days in which to comply with the order.

Plaintiff did not respond to the court's order.  Accordingly, on July 29, 2005 this court issued an order requiring plaintiff to show cause within twenty days why this case should not be dismissed for failure to prosecute and failure to comply with an order of the court. (Doc. 4).  To date plaintiff has neither responded to the show cause order, filed an amended complaint, nor submitted an *in forma pauperis* application.

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

At Pensacola, Florida this 6th day of September, 2005.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**